JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
SIERRA CLUB

**DEFENDANTS**
U.S. FEDERAL EMERGENCY MANAGEMENT AGENCY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)
San Francisco County

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.
Washington D.C.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Joanne Spalding, Sierra Club Law Program, 85 Second Street, 2nd floor San Francisco, CA 94105 (415) 977-5725

**ATTORNEYS (IF KNOWN)**
E-filing

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business in This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

[X] Original Proceeding
[ ] Removed from State Court
[ ] Remanded from Appellate Court
[ ] Reinstated or Reopened
[ ] Transferred from Another district (specify)
[ ] Multidistrict Litigation
[ ] Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ]110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ]610 Agriculture | [ ]422 Appeal 28 USC 158 | [ ]400 State Reapportionment |
| [ ]120 Marine | [ ]310 Airplane | [ ]362 Personal Injury Med Malpractice | [ ]620 Other Food & Drug | [ ]423 Withdrawal 28 USC 157 | [ ]410 Antitrust |
| [ ]130 Miller Act | [ ]315 Airplane Product Liability | [ ]365 Personal Injury Product Liability | [ ]625 Drug Related Seizure of Property 21 USC 881 | | [ ]430 Banks and Banking |
| [ ]140 Negotiable Instrument | [ ]320 Assault Libel & Slander | [ ]368 Asbestos Personal Injury Product Liability | [ ]630 Liquor Laws | **PROPERTY RIGHTS** | [ ]450 Commerce/ICC Rates/etc. |
| [ ]150 Recovery of Overpayment & Enforcement of Judgment | [ ]330 Federal Employers Liability | | [ ]640 RR & Truck | [ ]820 Copyrights | [ ]460 Deportation |
| [ ]151 Medicare Act | [ ]340 Marine | PERSONAL PROPERTY | [ ]650 Airline Regs | [ ]830 Patent | [ ]470 Racketeer Influenced and Corrupt Organizations |
| [ ]152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ]345 Marine Product Liability | [ ]370 Other Fraud | [ ]660 Occupational Safety/Health | [ ]840 Trademark | [ ]480 Consumer Credit |
| [ ]153 Recovery of Overpayment of Veteran's Benefits | [ ]350 Motor Vehicle | [ ]371 Truth in Lending | [ ]690 Other | | [ ]490 Cable/Satellite TV |
| [ ]160 Stockholders Suits | [ ]355 Motor Vehicle Product Liability | [ ]380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ]810 Selective Service |
| [ ]190 Other Contract | [ ]360 Other Personal Injury | [ ]385 Property Damage Product Liability | [ ]710 Fair Labor Standards Act | [ ]861 HIA (1395ff) | [ ]850 Securities/Commodities/Exchange |
| [ ]195 Contract Product Liability | | | [ ]720 Labor/Mgmt Relations | [ ]862 Black Lung (923) | [ ]875 Customer Challenge 12 USC 3410 |
| [ ]196 Franchise | | | [ ]730 Labor/Mgmt Reporting & Disclosure Act | [ ]863 DIWC/DIWW (405(g)) | [ ]891 Agricultural Acts |
| | | | [ ]740 Railway Labor Act | [ ]864 SSID Title XVI | [ ]892 Economic Stabilization Act |
| | | | [ ]790 Other Labor Litigation | [ ]865 RSI (405(g)) | [ ]893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ]791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ]894 Energy Allocation Act |
| [ ]210 Land Condemnation | [ ]441 Voting | [ ]510 Motion to Vacate Sentence Habeas Corpus: | | [ ]870 Taxes (US Plaintiff or Defendant) | [X]895 Freedom of Information Act |
| [ ]220 Foreclosure | [ ]442 Employment | [ ]530 General | | [ ]871 IRS - Third Party 26 USC 7609 | [ ]900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ]230 Rent Lease & Ejectment | [ ]443 Housing | [ ]535 Death Penalty | | | |
| [ ]240 Torts to Land | [ ]444 Welfare | [ ]540 Mandamus & Other | | | [ ]950 Constitutionality of State Statutes |
| [ ]245 Tort Product Liability | [ ]440 Other Civil Rights | [ ]550 Civil Rights | | | [ ]890 Other Statutory Actions |
| [ ]290 All Other Real Property | [ ]445 Amer w/ disab - Empl | [ ]555 Prison Condition | | | |
| | [ ]446 Amer w/ disab - Other | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

5 U.S.C. § 552: FEMA has failed to respond to the Sierra Club's FOIA requests within the statutory deadline.

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____ CHECK YES only if demanded in complaint:
Declaratory and injunctive relief requested    JURY DEMAND: [ ] YES [X] NO

**VIII. RELATED CASE(S) IF ANY**    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)    [X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE 8/16/07    SIGNATURE OF ATTORNEY OF RECORD

JOANNE SPALDING
CA Bar No. 169560
Sierra Club Environmental Law Program
85 Second Street, Second Floor
San Francisco, CA 94105
(415) 977-5725
Fax: (415) 977-5793

Attorney for Plaintiff
Sierra Club

E-filing

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA CLUB, non-profit organization, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) C 07 4212 |
| U.S. FEDERAL EMERGENCY MANAGEMENT AGENCY, | ) COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Defendant. | ) |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief seeking the disclosure of agency records improperly withheld by defendant Federal Emergency Management Agency ("FEMA").

1

COMPLAINT

## JURISDICTION

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## VENUE

3. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## INTRADISTRICT ASSIGNMENT

4. Assignment to the San Francisco Division is appropriate. This action arises in the county of San Francisco. The Sierra Club has its principal place of business in San Francisco, and the FOIA requests that are the subject of this action originated from Sierra Club headquarters. Civil L.R. 3-2(c).

## PARTIES

5. Plaintiff Sierra Club is a nonprofit corporation organized under the laws of the State of California. Founded in 1892, the Sierra Club has approximately 750,000 members throughout the United States, including 185,000 members in California, 40,000 members in Alabama, Florida and Mississippi, and 28,000 members in Louisiana and Texas. The Sierra Club is dedicated to exploring, enjoying, and protecting the wild places of the earth; to practicing and promoting the responsible use of the earth's ecosystems and resources; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives.

6. Through its various publications (including its magazine <u>Sierra</u>), its website, and its regular contacts with the news media and government officials, the Sierra Club distributes information to the public so the public can meaningfully participate in conservation initiatives that protect communities from the impacts of climate change, in particular along our nation's coastlines. The Sierra Club has long been involved in issues addressing community health and safety, coastal development, and climate change.

7. The Sierra Club brings this action on behalf of itself and its members.

8. Defendant FEMA is a federal branch agency made up of ten regional offices. FEMA is an agency within the meaning of 5 U.S.C. § 552(f). FEMA regions IV, VI, and IX have possession or control of the records that the Sierra Club seeks in this action.

**FACTS**

9. The Freedom of Information Act, 5 U.S.C. § 552, as amended, requires agencies of the federal government to release, upon request, information to the public, unless one of nine specific statutory exemptions applies.

10. Upon receiving a FOIA request, an agency has twenty (20) working days to issue a determination, informing the requester what documents the agency will release, what documents the agency plans to withhold, the reasons justifying any such withholding, and the appeal rights available to the requester. 5 U.S.C. § 552(a)(6)(A).

11. Although the agency may grant itself an extension of ten (10) additional days in "unusual circumstances," notice of any such extension must be in writing, and FOIA does not permit an agency to delay a response indefinitely. 5 U.S.C. § 552(a)(6)(B).

1   12.   FOIA provides that a requester "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions. . . ." 5 U.S.C. § 552(a)(6)(C).

13.   This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

14.   The National Flood Insurance Act, 42 U.S.C. §§ 4001-4129, enacted to minimize and protect against increased flood losses and unforeseen natural disasters, requires FEMA to "assess the need to revise and update all floodplain areas and flood risk zones . . . ." 42 U.S.C. §§ 4001, 4101(e). The statute imposes a mandatory duty upon FEMA to conduct "an analysis of all natural hazards affecting flood risks" "[o]nce during each 5-year period . . . or more often." *Id.*

15.   By separate letters to FEMA Regions IV, VI, and IX dated July 6, 2007, the Sierra Club submitted FOIA requests for "records related to FEMA's flood hazard assessments and map revision processes" for listed counties in the states of Alabama, Florida, Mississippi, Louisiana, Texas, and California. Specifically, the Sierra Club requested "all records showing updated flood-risk data, mapping needs assessments, and revised maps for listed counties; all records showing whether these activities were initiated and carried out by communities or by FEMA"; and, "[i]f flood plain assessments did not occur within the listed counties at least once every five years since 1994, or if maps had not undergone revisions during this time frame, all records documenting the specific regions in which these activities did not occur and the reasons for this."

16.   Each of these FOIA requests was sent by certified mail and by facsimile.

4

COMPLAINT

17. By letter dated July 12, 2007, FEMA Region IV acknowledged receipt of the Region IV FOIA request on July 10, 2007, approved the Sierra Club's fee waiver request, and "advised that the initial determination regarding your request is not being made at this time." As of August 16, 2007, FEMA Region VI has not acknowledged receipt of the Region VI FOIA request. However, a Certified Mail Return Receipt confirmed its delivery to FEMA Region VI on July 9, 2007. As of August 16, 2007, FEMA Region IX has not acknowledged receipt of the Region IX FOIA request. However, a Certified Mail Return Receipt confirmed its delivery to FEMA Region IX on July 9, 2007.

18. More than twenty-five (25) working days have passed since FEMA received these requests, but FEMA has not notified the Sierra Club of the agency's determination regarding whether it will comply with these requests, nor has it provided any of the records sought, notwithstanding the FOIA requirement that an agency respond within twenty (20) working days.

**COUNT I**

19. By failing to notify the Sierra Club of the agency's determination regarding the Sierra Club's FOIA requests and failing to provide records responsive to those requests within the 20-day statutory deadline, FEMA has violated FOIA's mandate to release agency records to the public. 5 U.S.C. § 552(a)(6).

## REQUESTED RELIEF

WHEREFORE, plaintiff prays that this Court:

    A.    Declare that FEMA has violated FOIA by failing to respond to the Sierra Club's July 6, 2007, FOIA requests and provide all responsive records;

    B.    Order FEMA to disclose the requested records within twenty days, at no cost;

    C.    Award plaintiff its costs and reasonable attorneys fees incurred in this action, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and

    D.    Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JOANNE SPALDING
CA Bar No. 169560
Sierra Club Environmental Law Program
85 Second Street, Second Floor
San Francisco, CA 94105
(415) 977-5725
Fax: (415) 977-5793

Attorney for Plaintiff Sierra Club

Dated: August 16, 2007

6

COMPLAINT